■ IRVING MORGEN et al., Respondents-Appellants, v CITY OF NEW YORK, Appellant-Respondent.

In this action based on personal injuries arising from a fall on a snowy street crossing, the cumulative effect of the trial court's error in failing to admit critical evidence favorable to defendant city, coupled with errors in the court's charge, mandates reversal and a new trial.

Evidence was presented upon the trial regarding the nature of the snowstorm which preceded the accident and the weather conditions following the storm up to the time of the accident. The storm began at 9:00 A.M. on Friday, March 3, 1978, and continued until 9:00 P.M. that night, at which time five inches of snow had accumulated. The temperatures were below freezing during this period and remained so until late in the afternoon of Monday, March 6. Plaintiff Irving Morgen was injured about 2:00 P.M. that day in a fall at the crosswalk on the west side of Broadway and 40th Street.

The Department of Sanitation began snow clearance operations during the snowfall. Thus, evidence before the jury showed that the Department was engaged in these operations as early as the 7:00 A.M. to 3:00 P.M. shift on Friday, March 3, 1978, the day of the storm. While the garage book for the district could not be located, the defendant city sought and was precluded from placing documents detailing its snow operations before the jury. This was error. These documents were responsive to plaintiffs' subpoena, which had been served on the city on October 6, 1983, with the trial beginning on October 12, 1983. The documents were offered on October 28 and were directly responsive to the subpoena. In any event, a central issue in the case was the reasonableness of the city's handling of the snowfall, including the nature of its activities and the timing and extent of those activities. Thus, the court abused its discretion in refusing to allow the introduction of the materials in question, including the provision of those materials to plaintiffs, pursuant to the subpoena, before the conclusion of their case.

In the same manner, the court's charge contained reversible error. It was the jury's province to determine whether the city's handling of the situation was reasonable in the circumstances, including consideration of the amount of time the city had to respond to the snow conditions. In making this determination, the reasonableness of the time is measured from the time that the storm comes to an end (*Valentine v City of New York*, 86 AD2d 381, *affd* 57 NY2d 932). The court instructed the jury, however, that it could judge whether the city had time to clear the snow from the time the snow started *or* the time that it stopped. This was clearly error.

Under the circumstances herein, it was also improper for Trial Term to include in its charge that an alleged deviation from

Sanitation Department rules could be taken as some evidence of negligence. While, generally, departures from administrative rules may be considered as some evidence of negligence, in the instant case, the law clearly provides, as noted, that there is no obligation on the part of the city to start clearing operations before the end of the snowfall. Even assuming, therefore, that the regulations in issue provided for such operations before the end of the snowfall, it was error to instruct the jury that a negative inference could be drawn from any failure on the part of the city to do so. Concur — Sullivan, J. P., Carro, Asch and Bloom, JJ.